## John Hilton *vs.* John Gilman.

By the grant of a dwellinghouse, a shed and chaise-house adjoining thereto, connected with the dwellinghouse in such manner as to have all constitute but one building, will pass.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Assumpsit for the use and occupation of a cooper's shop and chaise-house from *May* 5, 1835, to the date of the writ.   The plaintiff produced a deed from the defendant, of a house, land and out buildings dated *May* 5, 1835.   The defendant introduced a mortgage deed of the same estate from the plaintiff to him to secure the payment of ninety dollars per year, and " a lease of the undivided half of a dwellinghouse on the premises, and all the

privileges and appurtenances thereto belonging, given by the plain-
tiff to the defendant," both dated the same fifth of *May*. The
dwellinghouse, shed and chaise-house were "connected together,"
and "made one building." The house had been the defendant's
dwellinghouse for a long time, and after the making of the deed,
both parties resided in the house. The chaise of the defendant
was kept in the chaise-house, which was large enough to hold two
chaises, and the defendant, a very aged man, occasionally worked
in the shed. The residue of the chaise-house and shed were oc-
cupied by the plaintiff. It did not appear that the plaintiff had
objected to the use of these buildings by the defendant. There
was no cooper's shop on the premises, but the defendant had some-
times made buckets in the shed.

The plaintiff requested the Judge to instruct the jury that the
defendant, by the terms of his lease, was restricted to the use and
occupation of the building occupied as a dwellinghouse, exclusive
of the shed and chaise-house. This instruction the Judge declin-
ed to give, and instructed the jury, that the defendant had the
right of occupation of an undivided half of the shed and chaise-
house. The verdict was for the defendant, and the plaintiff filed
exceptions.

*May*, for the plaintiff, contended : —

1. The exceptions state, that the dwellinghouse was *connected*
with the shed and chaise-house, which language would be absurd,
if they were regarded as a part of the dwellinghouse ; and although
they are said together *to make one building*, still taking the whole
language it must be understood that the shed and chaise-house
make one building.

2. A chaise-house cannot be considered as a privilege or ap-
purtenance belonging to a dwellinghouse any more than a chaise
would be which might be in it. It is not necessary to the use of
the thing granted, for that can be enjoyed without it, and so it does
not pass. *Kent* v. *Waite*, 10 *Pick.* 138 ; *Gayetty* v. *Bethune*,
14 *Mass. R.* 49 ; *Grant* v. *Chase*, 17 *Mass. R.* 443 ; 4 *Kent*,
467 ; Although it might pass under the word appurtence in a
will, if it had been used as appurtenant to a dwellinghouse. *Otis*
v. *Smith*, 9 *Pick.* 293.

*E. Fuller*, for the defendant, argued, that the defendant was in possession of the buildings under his mortgage of the whole property. But if his right to occupy depended solely on his lease, the instructions of the Judge were strictly correct. He examined the facts stated in the exceptions, and insisted, that the shed and chaise-house were connected with the dwellinghouse and were a part of it, or appurtenant to it. The words privileges and appurtenances in a deed or lease have uniformly received a very liberal construction, which would well warrant the refusal to instruct and the instruction given. *Doane* v. *Broadstreet Asso.*, 6 *Mass. R.* 332; *Leonard* v. *White*, 7 *Mass. R.* 6; *Ropps* v. *Barker*, 4 *Pick.* 239; *Farrar* v. *Stackpole*, 6 *Greenl.* 154; *Blake* v. *Clark*, 6 *Greenl.* 436.

The opinion of the Court was by

SHEPLEY J. — Land will not pass as appurtenant to land, while it may as appurtenant to a messuage or house; for the reason that one tract of land cannot well be occupied as appertaining and subordinate to another, while it may be so occupied in connexion with a house; thus affording an exposition of the intention of the parties to a deed by the nature and known uses of the estate conveyed.

It is stated in *Cruise's Digest*, *Title* 32, *c.* 3, § 31, that by the grant of a messuage or house with the appurtenances, all buildings attached or adjoining to it will pass; and the authorities cited fully sustain the position.

In this case the shed and chaise-house are found to have been connected with the dwellinghouse in such a manner as to have all constituted but one building; and the Judge was correct both in withholding and in giving his instructions.

*Exceptions overruled.*